# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLEORETTA BRIGHAM, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | Case No. 09-2210-JWL-DJW |
| ) | |
| JEFFREY W. COLYER, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for a Qualified Protective Order Pursuant to HIPAA Allowing the Disclosure of Plaintiff's Relevant Medical History and *Ex Parte* Communications with her Treating Physicians (doc. 16). Defendants Jeffrey W. Colyer, M.D. and Plastic Surgical Arts, P.A. ("Defendants") move the Court for a qualified protective order pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and Fed. R. Civ. P. 26(c). For the reasons set forth below, the Motion is granted in part and denied in part.

**A.**  **Background**

This medical malpractice action arises from a bilateral breast reduction procedure performed on Plaintiff by Defendant Dr. Colyer for relief of chronic neck and back pain. Plaintiff alleges that Dr. Colyer performed the surgery in a negligent manner because, as a result of the surgery, her breasts are misaligned, misshapen, and horribly scarred and disfigured. Plaintiff alleges that Defendant Dr. Colyer deviated from the accepted standard of care in the performance of the surgery, resulting in disfigurement and scarring to her breasts. Plaintiff further alleges that Defendant Plastic Surgical Arts, P.A. is vicariously liable for the acts of its agent, Defendant Dr. Colyer. Plaintiff contends that she has suffered mental and emotional anguish and loss of enjoyment of life due to Defendants' alleged negligence. Plaintiff seeks damages for pain, suffering and medical expenses.

**B.      Discussion**

   *1.      Applicable Law*

Defendants seek a "qualified protective order" pursuant to HIPAA and Fed. R. Civ. P. 26(c). As an initial matter, the Court notes that Fed. R. Civ. P. 26(c) is not applicable to Defendants' requested relief. Under Fed. R .Civ. P. 26(c), "[a] party or any person from whom discovery is sought may move for a protective order . . .."[1] Fed. R. Civ. P. 26(c) further provides that, upon a showing of good cause, the court may enter a protective "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .."[2] Defendants do not seek an order from the Court protecting them from annoyance, embarrassment, oppression, or undue burden or expense. Rather, Defendants seek an order allowing the disclosure of Plaintiff's relevant medical records as well as *ex parte* communications with her treating physicians. Thus, the Court finds that Fed. R. Civ. P. 26(c) is not applicable.

Defendants also reference HIPAA and cite to HIPAA's implementing regulations, namely, 45 C.F.R. § 164.512(e), in support of their request for a "qualified protective order." In relevant part, 45 C.F.R. § 164.512(e) states:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) **In response to an order of a court** or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; **or**
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

---

[1] Fed. R. Civ. P. 26(c)(1).

[2] *Id.*

> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party **to secure a qualified protective order** that meets the requirements of paragraph (e)(1)(v) of this section.[3]

Thus, 45 C.F.R. § 164.512(e) actually contemplates two kinds of orders: (1) an order under 45 C.F.R. § 164.512(e)(1)(i) from the court expressly authorizing disclosure (a "disclosure order") and (2) a qualified protective order under 45 C.F.R. § 164.512(e)(1)(ii)(B) and (e)(1)(v) (a "qualified protective order"). These orders are applicable under different circumstances. In the first instance, a covered entity may disclose protected health information identified in the disclosure order upon receipt of the disclosure order. In the second instance, where the covered entity is responding to a subpoena, discovery request, or other lawful process, that is not accompanied by a court order, the covered entity may disclose protected health information if the covered entity receives satisfactory assurance from the party seeking the information that reasonable efforts were made to obtain a qualified protective order.

Here, there is no subpoena, discovery request, or other lawful process directed to a covered entity. Rather, Defendants are seeking an order from the Court allowing disclosure of Plaintiff's relevant medical records and *ex parte* communications with her treating physicians. Thus, although Defendants state they are seeking a "qualified protective order," the Court concludes that Defendants are actually seeking a disclosure order, as described in 45 C.F.R. § 164.512(e)(1)(i). The Court will

---

[3] 45 C.F.R. § 164.512(e) (emphasis added).

therefore treat Defendants' Motion as one seeking a disclosure order under 45 C.F.R. § 164.512(e)(1)(i) authorizing the disclosure of Plaintiff's relevant medical records and *ex parte* communications with Plaintiff's treating physicians.

### 2. *Physician-Patient Privilege*

The Court next turns to the physician-patient privilege. Plaintiff has sued Defendants alleging medical malpractice and that she has suffered mental and emotional anguish and loss of enjoyment of life. Thus, under K.S.A. 60-427(d),[4] Plaintiff has placed her medical condition at issue and therefore cannot claim that the physician-patient privilege prohibits her treating physicians from disclosing information concerning her medical condition to Defendants' counsel. It is not an issue of waiver of the privilege, rather the privilege simply does not exist.[5] Thus, the Court turns to Defendants' request for a disclosure order authorizing the disclosure of Plaintiff's relevant medical records and *ex parte* communications with Plaintiff's treating physicians.

### 3. *Disclosure of Relevant Medical Records*

Defendants seek a disclosure order under 45 C.F.R. § 164.512(e)(1)(i) authorizing the disclosure of Plaintiff's relevant medical records. In response to Defendants' Motion, Plaintiff states that she "has no intention of refusing proper requests for her relevant medical history."[6] Plaintiff

---

[4] Under Fed. R. Evid. 501, in civil proceedings where state law provides the rule of decision concerning a claim or defense, the privilege of a witness or person is to be determined in accordance with state law. Here the parties agree that Kansas law is the basis for Plaintiff's medical malpractice claims.

[5] *Bryant v. Hilst*, 136 F.R.D. 487, 491 (D. Kan. 1991) (holding "[t]he issue is not waiver or partial waiver, there is simply no privilege available to the plaintiff.").

[6] Pl.'s Mem. in Opp'n to Def.'s Mot. for Qualified Protective Order (doc. 22) at 2.

states that she only opposes Defendants' Motion because Defendants' proposed disclosure order amounts to a "blanket order" which "far exceeds 'the disclosure of Plaintiff's relevant medical history' [and] opens the door as wide as it can go for the disclosure of every bit of Plaintiff's medical history in her lifetime."[7]

In their reply brief, Defendants clarify what they mean by "relevant medical history" and significantly limit the scope of their proposed disclosure order. Defendants seek a disclosure order which authorizes the disclosure of Plaintiff's medical records concerning Plaintiff's breasts and/or chest, her chronic neck and back pain, her skin's propensity for scarring and problems with healing, and her past psychiatric and psychological history. Defendants also provide a temporal scope for these medical records, seeking Plaintiff's medical records for the ten years prior to the surgery at issue in this case, that is, from 1997 to present. The Court concludes that these medical records are relevant to the claims and defenses in this case.

However, Defendants "concede [] that they are not entitled to an exhaustive list of every healthcare provider [Plaintiff] has seen in the past for any type of physical ailment."[8] Defendants explain that they were unable to address their proposed disclosure order to a specific set of Plaintiff's healthcare providers because at the time they filed their Motion they had not yet obtained a list of Plaintiff's "healthcare providers who are treating or who have treated her for the specific physical complaints or problems at issue under the pleadings."[9] Defendants further explain that they

---

[7] *Id.*

[8] Defs.' Reply Mem. in Supp. of Their Mot. for a Qualified Protective Order Pursuant to HIPAA Allowing the Disclosure of Pl.'s Medical History and *Ex Parte* Communications With Her Treating Physicians (doc. 31) at 3.

[9] *Id.* at 2.

have served interrogatories on Plaintiff seeking this information. As such, the Court is currently without the information necessary to address the disclosure order to those treating physicians from whom Defendants seek Plaintiff's relevant medical history. The Court will therefore require Defendants to include a more specific list of Plaintiff's relevant healthcare providers when providing the Court with a revised proposed disclosure order, as discussed in more detail below.

### 4. *Ex Parte Communications*

Plaintiff also opposes any disclosure order that would provide Defendants with blanket approval for *ex parte* communications with her treating physicians. Plaintiff recognizes that courts in this district, both before and after HIPAA was enacted, have held that *ex parte* discussions with treating physicians who are not designated as expert witnesses are permissible under Kansas law.[10] However, Plaintiff maintains that HIPAA provides additional protections to patients and thereby places limits on *ex parte* communications with treating physicians. Plaintiff asks that if the Court enters a disclosure order, that the disclosure order (a) limit Defendants' access to Plaintiff's relevant medical records, (b) specifically identify the names of Plaintiff's treating physicians with whom *ex parte* communications are sought, (c) limit access to Plaintiff's medical records to those falling within a relevant time period, (d) require Defendants to advise Plaintiff's counsel of the date, time and location of any such scheduled meeting, and (e) require Defendants, before conducting any *ex parte* communications, to advise the treating physician of his or her right to decline to participate in any *ex parte* communications and to provide the treating physician with a copy of the disclosure order stating this fact.

---

[10] *See e.g.*, *Pratt v. Petelin*, No. 09-2252-CM, 2010 WL 446474 (D. Kan. Feb. 4, 2010); *Bohannon v. Baker*, Case No. 06-1033-MLB, 2006 WL 2927521 (D. Kan. Oct. 12, 2006); *McCloud v. Bd. of Dirs. of Geary Cmty. Hosp.*, No. 06-1002, 2006 WL 2375614 (D. Kan. Aug. 16, 2006); *Bryant*, 136 F.R.D. 487.

The Court has considered the parties' respective arguments, the relevant law, and the proposed disclosure order, and finds that it need not conduct an in-depth examination and analysis of HIPAA because Defendants, in filing their Motion seeking a disclosure order and in specifically identifying the medical records that are sought, have complied with the procedural requirements to obtain such an order under 45 C.F.R. § 164.512(e)(1)(i). With respect to the limitations requested by Plaintiff, the Court notes that Defendants, in their reply brief, have offered to satisfy all but one of Plaintiff's requests. Defendants limited their request to Plaintiff's relevant medical records falling within a reasonable time period, and the proposed order does inform Plaintiff's treating physicians that they are not required to participate in any *ex parte* communications with Defendants' counsel. In addition, Defendants have made it clear that they have no objection to limiting the disclosure order to specifically identified treating physicians, but that they were simply unable to identify the treating physicians they wanted to include in the disclosure order because they did not have this information at the time they filed the Motion. The only request Defendants have not offered to satisfy is Plaintiff's request for advanced notice of the *ex parte* communications. The Court sees no reason to require Defendants' counsel to inform Plaintiff's counsel of the date, time or location of any *ex parte* communications, and Plaintiff provides no support for this request. The filing of Defendants' Motion is sufficient notice to Plaintiff that the *ex parte* communications are requested.

The Court further notes that in addition to satisfying the procedural requirements in 45 C.F.R. § 164.512(e)(1)(i), Defendants have opted to include in their proposed disclosure order the safeguards identified in 45 C.F.R. § 164.512(e)(1)(ii).[11] This includes a provision in the disclosure

---

[11] *See McCloud*, 2006 WL 2375614, at *2 (concluding that a disclosure order under section 164.512(e)(1)(i) is not required to include the safeguards set forth in section 164.512(e)(1)(ii)).

order which states, "[T]he parties and their counsel are prohibited from using or disclosing and from permitting or allowing the use or disclosure of the protected health information" of Plaintiff "for any purpose other than this litigation." The proposed order also states, "[T]he parties agree and are hereby ordered to return to the covered entity or to destroy the protected health information (including all copies made) at the end of this litigation."

## 5. *Drug and Alcohol Records*

Defendants' proposed disclosure order seeks, *inter alia*, records related to the diagnosis and treatment of alcoholic and drug dependency. Under 42 U.S.C. § 290dd-2, records of the identity, diagnosis, prognosis or treatment of any patient that are maintained in connection with any program relating to substance abuse treatment and rehabilitation which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States are confidential and can only be disclosed under certain circumstances.[12] Disclosure is permitted if authorized by an order of a court of competent jurisdiction after good cause is shown for such an order, including the need to avert a substantial risk of death or serious bodily harm.[13] In determining whether good cause exists to enter an order authorizing the disclosure of such records, the court must weigh the public interest and the need for the records against the injury to the patient, to the physician-patient relationship, and to the treatment services.[14]

Defendants do not mention the requirements of 42 U.S.C. § 290dd-2 in their Motion or their reply brief. As such, the Court cannot conclude that good cause exists for the disclosure of any

---

[12] 42 U.S.C. § 290dd-2(a).

[13] 42 U.S.C. § 290dd-2(b)(2)(C).

[14] *Id.*

8

alcoholic or drug dependency records of programs that are conducted, regulated or directly or indirectly assisted by an agency of the United States. Accordingly, the Court denies any request for these records, if such records exist. The disclosure order will contain the following provision:

> This Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.[15]

**C.     Conclusion**

For the reasons set forth above, the Court grants in part and denies in part Defendants' Motion. Defendants are instructed to submit a proposed disclosure order which authorizes the disclosure of Plaintiff's relevant medical records, from 1997 to present, concerning Plaintiff's breasts and/or chest, her chronic neck and back pain, her skin's propensity for scarring and problems with healing, and her past psychiatric and psychological history, including records from counselors, psychologists, psychotherapists, psychiatrists, and alcohol or drug counselors. The disclosure order must also contain the following limitation: "This Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2." In addition, the disclosure order must specifically identify Plaintiff's treating physicians to whom the order is directed, and must inform these treating physicians that they are not required to participate in any *ex parte* communications with Defendants' counsel. The disclosure order need not contain any requirement that Plaintiff's

---

[15] *McCloud*, 2006 WL 2375614, at 5.

counsel be given notice of the date, time or location of the *ex parte* communications. Finally, Defendants shall include in the proposed disclosure order the HIPAA safeguards that Defendants opted to include, specifically, a provision that "the parties and their counsel are prohibited from using or disclosing and from permitting or allowing the use or disclosure of the protected health information" of Plaintiff "for any purpose other than this litigation," and a provision that "the parties agree and are hereby ordered to return to the covered entity or to destroy the protected health information (including all copies made) at the end of this litigation." Defendants shall submit the proposed disclosure order to the Court for review **within 10 days** of the date of this Memorandum and Order.

**IT IS THEREFORE ORDERED** that Defendants' Motion for a Qualified Protective Order Pursuant to HIPAA Allowing the Disclosure of Plaintiff's Relevant Medical History and *Ex Parte* Communications with her Treating Physicians (doc. 16) is granted in part and denied in part. Defendants shall submit the proposed disclosure order to the Court for review **within 10 days** of the date of this Memorandum and Order.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of May 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties