# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CLEORETTA BRIGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 09-2210-JWL-DJW |
| | ) | |
| JEFFREY W. COLYER, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Quash Deposition of Reps Sundin, M.D. and Memorandum in Support (ECF No. 60). For the reasons set forth below, the Motion is granted.

**A.  BACKGROUND**

This medical malpractice action arises from a bilateral breast reduction procedure performed on Plaintiff by Defendant Dr. Colyer ("Defendant") for relief of chronic neck and back pain. Plaintiff alleges that Defendant performed the surgery in a negligent manner because, as a result of the surgery, her breasts are misaligned, misshapen, and horribly scarred and disfigured. Plaintiff alleges that Defendant deviated from the accepted standard of care in the performance of the surgery, resulting in disfigurement and scarring to her breasts.

Discovery in this case closed on August 10, 2010, and the Pretrial Conference was held on August 13, 2010. Defendant is now seeking to depose Reps Sundin, M.D., the attending resident during Plaintiff's surgery. The deposition is scheduled for October 1, 2010 in Richmond, Virginia. Plaintiff asks the Court to quash the deposition of Dr. Sundin.

**B.     DISCUSSION**

Plaintiff does not cite to any specific authority in support of her request that the Court quash the deposition of Dr. Sundin. The term "quash" is used in Fed. R. Civ. P. 45 with respect to subpoenas. However, Dr. Sundin was not subpoenaed. Rather, Defendant noticed up the deposition of Dr. Sundin.[1] Where the plaintiff is seeking to prevent a deposition that is merely noticed, as is the case here, a motion for protective order pursuant to Fed. R. Civ. P. 26(c) is more appropriate.[2] The Court will therefore construe Plaintiff's Motion as one seeking a protective order under Fed. R. Civ. P. 26(c).

Whether to enter a protective order is within the sound discretion of the court.[3] Under Fed. R. Civ. P. 26(c), upon a showing of good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[4] The party seeking a protective order has the burden to show good cause for the protective order.[5] To establish good cause, the moving party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[6]

---

[1] Notice to Take Deposition of Reps Sundin, M.D. (ECF No. 58).

[2] *Wheeler v. Numark Indus. Co.*, No. 02-2444-CM, 2006 WL 2397531, at * 1 (D. Kan. Aug. 9, 2006).

[3] *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).

[4] Fed. R. Civ. P. 26(c)(1).

[5] *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

[6] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (citations and quotations omitted).

Plaintiff argues that Defendant should not be entitled to take Dr. Sundin's deposition because discovery closed almost two months ago, on August 10, 2010. The discovery deadline is set out in the Pretrial Order (ECF No. 57), which was entered on September 2, 2010. The Pretrial Order (ECF No. 57) sets forth the parties' agreement concerning discovery, including the fact that as of the date of the Final Pretrial Conference discovery was complete, with the exception of certain interrogatories that are not at issue in Plaintiff's Motion.[7] Further, the Pretrial Order also discusses the possibility of conducting discovery after the deadline, and provides in pertinent part:

> *Unopposed discovery* may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations. Under these circumstances, the parties may conduct discovery beyond the deadline for completion of discovery *if all parties are in agreement to do so*, but the Court will not be available to resolve any disputes that arise during the course of this extended discovery.[8]

The Pretrial Order therefore makes it clear that any discovery conducted after the discovery deadline of August 10, 2010 may only be conducted if all parties are in agreement.

In addition, D. Kan. Rule 30.3 sets out the time for taking depositions, and provides, "The deposition of a material witness not subject to subpoena should ordinarily be taken during the discovery period. However, the deposition of a material witness who agrees to appear at trial, but who later becomes unable or refuses to attend, may be taken at any time prior to trial."[9] There does not appear to be any dispute that Defendant is seeking to conduct the deposition of a material witness not subject to subpoena by this Court. Indeed, Defendant acknowledges this local rule, but asks that the Court nonetheless allow Defendant to depose Dr. Sundin after the close of discovery

---

[7] Pretrial Order (ECF No. 57) at ¶ 13.

[8] *Id.* (emphasis added).

[9] D. Kan. Rule 30.3.

and without Plaintiff's consent. The Court notes that Defendant does not argues that the exception set out in D. Kan. Rule 30.3 applies, specifically, there is no argument that Dr. Sundin initially agreed to appear at trial and then later became unable or refused to attend.

In seeking to depose Dr. Sundin on October 1, 2010, Defendant is essentially asking the Court to amend the Pretrial Order and extend the discovery deadline. Under Fed. R. Civ. P. 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice."[10] "The party moving to amend the [final pretrial] order bears the burden to prove the manifest injustice that would otherwise occur."[11] In considering a motion to amend a final pretrial order, the court bears in mind that "[t]he purpose of the pretrial order is to 'insure the economical and efficient trial of every case on its merits without chance or surprise.'"[12] The decision to modify a final pretrial order lies within the court's sound discretion.[13] When deciding whether to allow the modification of a final pretrial order, the court should consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[14]

Defendant argues that it should be permitted to take the deposition of Dr. Sundin after the discovery deadline for several reasons. Defendant states that Dr. Sundin was the assistant surgeon

---

[10] Fed. R. Civ. P. 16(e).

[11] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (citations omitted).

[12] *Id.* (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)).

[13] *Id.* (citations omitted).

[14] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citations omitted).

4

to Defendant during Plaintiff's bilateral reduction mammoplasty, which is the subject of this action, and that Dr. Sundin's name appears on the operative report for Plaintiff's surgery. In addition, on November 16, 2009, in response to Plaintiff's Interrogatory No. 22, Defendant identified Dr. Sundin as an individual who assisted Defendant during Plaintiff's surgery. Defendant further states that Dr. Sundin was disclosed as a potential witness in the supplemental disclosures filed by Defendant on January 20, 2010.

Defendant claims that Dr. Sundin left the Kansas City area upon the completion of his residency, and before discovery began in this case. Defendant argues that Dr. Sundin was difficult to locate and that Defendant was unable to locate Dr. Sundin before August 10, 2010. Defendant claims that in late August 2010, Dr. Sundin relocated to Richmond, Virginia, to begin his permanent practice. Defendant states that counsel for both parties have now had the opportunity to interview Dr. Sundin by telephone, who has declared that he has no specific memory of Plaintiff's surgery at issue in this case. Defendant does not seek Dr. Sundin's testimony regarding Plaintiff's specific surgery, but rather wants to depose Dr. Sundin regarding Defendant's normal surgical procedures. According to Defendant, Dr. Sundin has knowledge that Defendant must not have departed from his normal procedures in this case, otherwise Plaintiff's surgery would be memorable to him.

Plaintiff argues that allowing Dr. Sundin's deposition to take place after the discovery deadline would prejudice the Plaintiff. In support of this argument, Plaintiff claims that Defendant never disclosed to Plaintiff that Dr. Sundin was or may be in possession of knowledge as it relates to other bilateral mammoplasty reduction procedures. Plaintiff further claims that there was never any information provided in Defendant's discovery responses that would indicate that Dr. Sundin

5

has knowledge of Defendant's habits, routines, practices or course of conduct during bilateral mammoplasty reduction procedures.

The Court has considered the parties' respective arguments, and the relevant rules and case law, and concludes that Plaintiff has demonstrated good cause for a protective order preventing the deposition of Dr. Sundin. The Court also concludes that Defendant has not demonstrated manifest injustice requiring that the Pretrial Order be amended so as to extend the discovery deadline. In reaching these conclusions, the Court notes that discovery closed two months ago and trial is scheduled to begin on November 30, 2010, which is approximately two months away. Deposing Dr. Sundin this late in the case and this close to trial is certainly a surprise to Plaintiff and prejudicial to Plaintiff. In addition, it does not appear to the Court that Defendant ever disclosed to Plaintiff the possibility of Dr. Sundin's knowledge of Defendant's habits, routines, practices or course of conduct during bilateral mammoplasty reduction procedures.

In addition, the Court notes that Defendant was aware of Dr. Sundin's existence and his role in Plaintiff's surgery long before the close of discovery. Yet, Defendant does not specifically explain why he was not able to locate Dr. Sundin before the discovery deadline, or why Defendant did not request an extension of the discovery deadline so that he had time to locate and depose Dr. Sundin, or why Defendant was finally able to locate Dr. Sundin after the discovery deadline. To introduce a new witness who Defendant was aware of and could have been searching for before the close of discovery only two months before the trial is certainly prejudicial to the Plaintiff who is likely well into her preparations for trial.

C.  **CONCLUSION**

For the foregoing reason, the Court grants Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Deposition of Reps Sundin, M.D. and Memorandum in Support (ECF No. 60) is granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 1st day of October 2010.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:  All counsel and *pro se* parties